IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JONES, | ) | CASE NO.  1:22-CV-02033-BYP |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES DISTRICT JUDGE |
| vs. | ) | BENITA Y. PEARSON |
| | ) | |
| WARDEN KEITH FOLEY, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Michael Jones ("Jones" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Jones is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the cases *State v. Michael Jones*, Cuyahoga County Court of Common Pleas Case Nos. CR-173927, CR-178-371, and CR-268188.  For the following reasons, the undersigned recommends that the Petition be DENIED as time-barred.

## I.     Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The Supreme Court of Ohio summarized the facts underlying Jones's convictions as follows:

1

{¶ 2} In 1982, Jones pleaded guilty to one count of gross sexual imposition in Cuyahoga C.P. No. CR-173927. The trial court sentenced Jones in that case to a prison term of two to five years but suspended the sentence and placed Jones on probation for three years.

{¶ 3} In March 1983, Jones pleaded guilty to rape and felonious assault in Cuyahoga C.P. No. CR-178371. In April 1983, the trial court sentenced Jones in that case to prison "for a term of six (6) years to twenty-five (25) years [for the rape offense] and for a term of five (5) years to fifteen (15) years [for the felonious-assault offense], concurrent." As a result of those new offenses, Jones was found to have violated the terms of his probation in the 1982 case, Cuyahoga C.P. No. CR-173927, and was resentenced in that case to the five-year prison sentence that had been suspended.

{¶ 4} In 1991, Jones was indicted on charges of kidnapping and attempted rape in Cuyahoga C.P. No. CR-268188. In November 1991, he pleaded guilty in that case to attempted rape and was sentenced to a prison term of 3 to 15 years.

{¶ 5} In his petition, Jones alleges that in each of the cases, the trial court ordered all his sentences to be served concurrently. According to Jones, if he "served the maximum sentence with everything running concurrent and including good time credited, he would have been released in 2007." He asserts, however, that the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority are keeping him in prison because they believe that the trial courts ordered his sentences to be served consecutively, for an aggregate prison term of 9.5 to 45 years.

*Jones v. Foley,* 200 N.E.3d 1125 (Ohio 2022).

## II.      Procedural History

**A.      Trial Court Proceedings**

In May 1982, the Cuyahoga County Grand Jury indicted Jones on the following charges: rape in violation of R.C. 2907.02 and kidnapping in violation of R.C. 2905.01. (Doc. No. 6 at 2.) Jones pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05 and was sentenced to prison for two to five years. (*Id.*) The sentence was suspended, and Jones was placed on a three-year probation.[1] (*Id.*) In September 1982, while still on probation, the Cuyahoga County Grand Jury indicted Jones on three counts

---

[1] Cuyahoga Common Pleas Case No. CR-173927; (the "First Sentence").

of rape in violation of R.C. 2907.02, one count of felonious assault in violation of R.C. 2903.11, and one count of kidnapping in violation of R.C. 2905.01. (*Id.*) Jones pled guilty to one count of rape and one count of felonious assault. (*Id.*) He was sentenced to concurrent indefinite prison terms of six to twenty-five years for the rape, and five to fifteen years for the felonious assault. (*Id.*)[2]

Jones was released on parole on February 13, 1989. (*Id.* at 3.) While out on parole, Jones was indicted by the Cuyahoga County Grand Jury in May 1991 on one count of kidnapping in violation of R.C. 2905.01, and one count of attempted rape in violation of R.C. 2923.01 and 2907.02. (*Id.*) Jones pled guilty to one count of attempted rape and was sentenced to an indefinite prison term of three to fifteen years. (*Id.*)[3] He did not file an appeal from the trial court's judgments.

**B.    State Habeas Petition with the Supreme Court of Ohio**

On February 28, 2022, Jones, proceeding *pro se*, filed a Petition for a Writ of habeas corpus in the Supreme Court of Ohio. (Doc. No. 6-1, Ex. 1.) Alleging his sentences should have run concurrently and not consecutively, he claimed his release date should have been 2007. (*Id.*) He further alleged that the ODRC illegally changed his sentence. (*Id.*) Respondent filed a Return of Writ on May 3, 2022. (Doc. No. 6-1, Ex. 3.) Respondent argued the September 1982 sentence (the Second Sentence) ran consecutive, not concurrent, to the May 1982 sentence (the First Sentence) because it was committed while Jones was on probation. (*Id.* at 2.) Jones was released on February 13, 1989. (*Id.* at 3.) In 1991, Jones was indicted on kidnapping and rape charges, and he pled guilty to one count of attempted rape. (*Id.*) Respondent argued this sentence (the Third Sentence) ran consecutive, not concurrent, to the prior two sentences because Jones was out on parole when the offenses were committed. (*Id.*) With the consecutive sentences totaled, Respondent calculated Jones's maximum sentence date to be November 19, 2026. (*Id.*) Respondent further alleged Jones failed to attach the requisite paperwork to his Writ, including the paperwork indicating his

---

[2] Cuyahoga County Common Pleas Case No. CR-178371; (the "Second Sentence)."
[3] Cuyahoga County Common Pleas Case No. CR-268188; (the "Third Sentence)."

sentencing paperwork was corrected to account for the fact that his Second Sentence was rendered while he was on probation. (*Id*. at 6.)

The Ohio Supreme Court denied Jones's Writ on July 28, 2022. (Doc. No. 6-1, Ex. 4-5.) Citing the fact Jones was a parolee when the second and third offenses were committed, they explained his sentences ran consecutively by operation of law and statute. (*Id*. at 4.) Calculating Jones's 1991 sentence of three to fifteen years as an addition to his prior sentences suggested a maximum aggregate prison term of 45 years, set to expire in 2026. (*Id*.) Because he had not served his maximum prison term, he was not entitled to a Writ and it was denied. (*Id*.)

## C.    Federal Habeas Petition

On November 9, 2022,[4] Jones, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**: **CERTIFIED COPY OF SENTENCE April 22nd, 1983** in the Court of Common Pleas held at the Court House in Cleveland, Ohio in the County of Cuyahoga petitioner found to be a probation violator to Case No. CR – 173927 sentence of six (6) months to five (5) five years to run concurrent with Case No. 178371. **(See Exhibit C)**
>
> The court erred when it sentenced petitioner/applicant to concurrent counts on the probation violation and the new Case No. 178371. See (Exhibit G) where the Department of Rehabilitation and Correction Bureau of Classification and Records wrote the sentencing Judge and asked him to correct the sentenced imposed in this case from a concurrent term to a consecutive term, per O.R.C. 2929.41 B (3).
>
> **CERTIFIED COPY OF SENTENCE May 11, 1983** in the Court of Common Pleas held at the Court House in Cleveland, Ohio in the County of Cuyahoga the court corrected its sentencing of petitioner/applicant's April 22nd, 1983 sentencing of the two cases, Case No. CRl 73927 and Case No. CRl 78371 from a concurrent term to consecutive terms, subjecting petitioner/applicant to a maximum term of (30) thirty years. Petitioner/applicant is not present at that sentencing and not represented by

---

[4]   Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until November 9, 2022, Jones states he placed it in the prison mailing system on November 6, 2022. (Doc. No. 1 at 7.) Thus, the Court will consider the Petition as filed on November 6, 2022.

counsel. (**Exhibit D**) (This certified copy of this sentence is not presented in the State Supreme Court decision of July 28th, 2022 and clearly should have been part of the record in the determination of petitioner/applicant' maximum time to be served).

*State v. Wright* **2019-Ohio-1361 8th Dist. \*P17** "There is no dispute that the trial court's April 30, 2018 sentencing entries in the two cases complied with these requirements, thus they were final judgements and the trial court accordingly had no jurisdiction to resentence Wright to modify his sentence to impose consecutive sentences."

The court in the present case had sentence petitioner/applicant on April 22, 1983 on the probation violation to Case No. CRl 73927 to a concurrent term with the new Case No. CRl 78371, sentencing entries in the two cases complied with the final judgement requirements, but the court decided to correct its sentencing of petitioner/applicant on May 10, 1983 and impose a consecutive term of imprisonment to the two Cases. (**Exhibit D**)

The court had no jurisdiction to resentence petitioner/applicant thus the maximum term of imprisonment is not (30) thirty years but (25) twenty-five years.

**GROUND TWO**: Under R.C. 2929.41 (A) prison sentences are presumed to run concurrently unless otherwise stated; *State v. Quinones* 8th Dist. Cuyahoga No. 83720, 2004-Ohio-4485, 26 rev'd on other grounds. *State v. Foster*, 109 Ohio St.3d l, 2006-Ohio-856, 20,845 N.E. 2d 470. Thus a defendant [sic] Sentences are presumed to run concurrently as a matter of law if the trial courts sentencing is silent as to whether the sentences are to be served consecutively or concurrently *State v. Hall* 9th Dist., Summit No. 27942, 2016-Ohio-909, ¶6; *State v. Marbury*, 10th Dist. Franklin No. 03AP-233, 2004-Ohio3373;

Petitioner/applicant now summits (*sic*) the journal entry to Case No. CR 268188 (**Exhibit E**) where the record is silent as to whether the sentence is to run concurrent or consecutive to his parole violation and now the sentence must run concurrent. The maximum term on that sentence was (15) fifteen years and if run concurrent with the parole violation maximum term of (25) twenty-five years makes the maximum term (25) twenty-five years.

(Doc. No. 1.)

On January 13, 2023, Respondent filed his Return of Writ. (Doc. No. 6.)  Jones filed a Traverse on February 16, 2023. (Doc. No. 7.)

### III.    Law and Argument

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court.  Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**B.    One-Year Limitation**

Pursuant to § 2244(d)(1)(A), the AEDPA's one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). Here, Jones did not appeal any of the three sentences. Jones first petitioned for a Writ of habeas corpus with the Supreme Court of Ohio in February 2022. (Doc. No. 6-1, Ex. 1.) He alleged the Adult Parole Authority unlawfully changed his sentencing journal entry to reflect his sentences running consecutively, not concurrently. (*Id.* at 2.) Had they not done so, he would have been released in 2007. (*Id.*)

In turn, Respondent pointed to statutory provisions and case law precedent providing that sentences run consecutively if they are imposed for new felonies committed by an individual on probation. (Doc. No.

6-1, at 2.) Respondent asserted Jones's petition failed to not only contain the requisite documents, but Jones's sentence would not expire until 2026. (*Id.* at 7.) Finding Jones had not served his maximum prison sentence, the Ohio Supreme Court agreed with Respondent and denied the Writ in July 2022. (Doc. No. 6-1, Ex. 4, 5.)

Respondent now argues Jones's Petition for Writ before this Court is time-barred because Jones failed to challenge his sentences after the one-year grace period adopted by various federal courts once the AEDPA went into effect. (Doc. No. 6 at 7.) In his Traverse, Jones asserts his inquiry into his imprisonment to the Ohio Supreme Court became a final judgment in July 2022, and therefore that date is the beginning of the statutory polling period. (Doc. No. 7 at 2).

The United States Supreme Court has held the conclusion of direct review takes place when "this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *see e.g., Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236. With the April 24, 1996 implementation of the AEDPA, several courts, including the Sixth Circuit, have provided for a one-year grace period for convictions that became final prior this implementation date, allowing habeas claims to be filed without violation of the statute of limitations. *Griffin v. Rogers*, 399 F.2d 626, 632 (6th Cir. 2005). As is the case with Jones, this precedent requires a state prisoner whose conviction became final before April 24, 1996, to file a federal habeas petition before April 24, 1997. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir.2001). Pursuant to § 2244(d)(1)(A), the AEDPA's one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state post-conviction petition rejected by the state court as untimely is not 'properly

filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905 at *2 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Jones made his first filing in 2022. However, as noted *supra*, state collateral review proceedings can no longer serve to avoid the statute of limitations bar once the limitations period is expired. *See Vroman*, 346 F.3d at 602. Jones's *pro se* Writ to the Ohio Supreme Court was filed after the statutory limitations period expired, so it failed to have any tolling effect. Therefore, unless equitable tolling is appropriate, Jones's Petition should be dismissed as time-barred.

## C. Equitable Tolling

Even though Jones's Petition is untimely under the AEDPA statute of limitations, he may be subject to equitable tolling provisions. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."

*Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011).

The equitable tolling doctrine is granted by courts only "sparingly."  *See Robertson*, 624 F.3d at 784.  Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling."  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

To be entitled to equitable tolling, a habeas petitioner must establish (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 130 S.Ct. at 2565.  *See also Hall*, 662 F.3d at 749; *Griffin*, 308 F.3d at 653.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence."  *Holland*, 130 S.Ct. at 2565.  That being said, the Sixth Circuit has held that excessive delays in filing lack appropriate diligence.  *See e.g. Keeling v. Warden*, 673 F.3d 452, 463–64 (6th Cir. 2012); *Vroman*, 346 F.3d at 605 (stating that a court should be "much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights"); *Henson v. Warden, London Correctional Inst.*, 620 Fed. Appx. 417, 419 (6th Cir. 2015).

It is the responsibility of Jones to extend the one-year period under §2244(d)(1)(D) by a showing of due diligence. Jones argues he first learned he was serving a forty-five year maximum term during a March 9, 2021 parole hearing. (Doc. No. 1 at 4.) He then filed a Writ with the Ohio Supreme Court in February 2022. (Doc. No. 6-1, Ex. 1). No explanation for this delay was provided. "Diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Johnson v. United States*, 544 U.S. 295, 308 (2005).

9

Jones presents a contradictory argument. The First Sentence was a suspended two-to-five-year sentence, which turned into a five-year sentence when Jones was found guilty of a second offense while on parole. His Second Sentence involved a term of six to twenty-five years for one offense, and five to fifteen years for the other offense, to be served concurrently. (Doc. No. 1-3, PageID #11.) Because Jones was on probation when he was found guilty of a second offense, his Second Sentence ran consecutively to his First Sentence by operation of law and statute. This would have resulted in a maximum aggregate sentence term of thirty years. Based on Jones's original 1982 sentencing date, this maximum term would have expired in 2012. However, because Jones was found guilty of a third offense while on parole, the Third Sentence of three to fifteen years ran consecutively, not concurrently, to his prior sentences. Adding the Third Sentence of fifteen years to the previously calculated thirty years would suggest a maximum aggregate term of 45 years, which is not set to expire until 2026.

By the time of the March 2021 parole hearing, Jones had served 39 years of his prison sentence. He asserts his maximum term had elapsed years prior but does not provide a rationale for why he did not pursue his claim. He does not allege to have made efforts to gather information from courts, the Adult Parole Authority, or legal counsel regarding his sentences, nor does he offer any explanation for his failure to monitor his sentencing through alternative methods such as direct contact with the Department of Rehabilitation and Correction, or legal research.

For all the reasons set forth above, the Court finds Jones has failed to demonstrate he has been reasonably diligent in pursuing his rights. *See e.g., Vroman*, 346 F.3d at 605 (finding petitioner's decision to proceed solely to the Ohio Supreme Court rather than filing his federal habeas petition and protecting his federal constitutional rights shows a lack of diligence); *Robinson*, 424 Fed. App'x at 442 ("[t]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here"); *Dudley v. Clipper*, 2014 WL 6896080 at * 8-9 (N.D. Ohio Dec. 8, 2014).

To the extent Jones argues ignorance of the law, the Sixth Circuit has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6th Cir. 2007); *Taylor v. Palmer*, 623 Fed. Appx. 783, 789 (6th Cir. 2015). *See also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[w]e have never accepted […] procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Patrick v. Bunting*, 2015 WL 10488878 at * 9 (N.D. Ohio Dec. 29, 2015); *Johnson v. LaRose*, 2016 WL 5462635 at * 10 (N.D. Ohio July 8, 2016) ("A petitioner's *pro se* status and his unawareness of the law provide no basis for equitable tolling"). Accordingly, and under the circumstances presented, the Court finds Jones has failed to demonstrate his actions justifying equitable tolling.

Because Jones failed to exercise his rights diligently and no extraordinary circumstance prevented him from filing the instant Petition, the Court finds equitable tolling is not warranted in this case. Therefore, the Court recommends the Petition be dismissed as time-barred.

## D.    Actual Innocence

In *McQuiggin v. Perkins*, ⸺ U.S. ⸺, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement

unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, Jones does not identify any new, reliable evidence of his actual innocence that was not presented at trial. The Court finds Jones has not demonstrated he is entitled to the actual innocence exception. Accordingly, and for all the reasons set forth above, the Court finds Jones has not demonstrated he is entitled to the actual innocence exception.

### III. Conclusion

For the foregoing reasons, it is recommended the Court find that the instant Petition is time-barred under § 2244(d)(1) and be DENIED

Date: May 31, 2024                      *s/ Jonathan Greenberg*
                                        Jonathan D. Greenberg
                                        United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**