PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JONES, ) | |
| ) | CASE NO. 1:22-CV-02033 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| KEITH FOLEY, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |
| ) | [Regarding ECF No. 12] |

Pending before the Court is Petitioner Michael Jones' Objection to the magistrate judge's Report and Recommendation. ECF No. 12. For the following reasons, Petitioner's objection is overruled, the Report and Recommendation (ECF No. 10) is adopted, and the Petition (ECF No. 1) is denied.

**I.      Background**

In 1982, a Cuyahoga County Grand Jury issued an indictment charging Petitioner with (1) one count of rape, and (2) one count of kidnapping. ECF No. 6-1 at PageID #: 113 (CR-82-173927). Petitioner pled guilty to one count of gross sexual imposition and was sentenced to an indefinite prison term of two to five years. ECF No. 6-1 at PageID #: 113. The Court suspended Petitioner's sentence and Petitioner was placed on probation for three years. ECF No. 6-1 at PageID #: 113. Petitioner violated probation by committing a new felony and was sentenced to an indefinite prison term of six months to five years consecutive with CR-178371. ECF No. 6-1 at PageID #: 113.

(1:22-CV-02033)

Later, a Cuyahoga County Grand Jury issued an indictment charging Petitioner with (1) three counts of rape, (2) one count of felonious assault, and (3) one count of kidnapping.  ECF No. 6-1 at PageID #: 114 (CR-82-178371).  Petitioner pled guilty to (1) one count of rape, and (2) one count of felonious assault.  ECF No. 6-1 at PageID #: 114.  The trial court sentenced him to concurrent indefinite prison terms of six to twenty-five years for the one count of rape, and five to fifteen years for the one count of felonious assault.  ECF No. 6-1 at PageID #: 114.

The total sentence imposed, considering both cases CR-178371 and CR-173927, was an indefinite prison term of six years and six months to thirty years.  ECF No. 6-1 at PageID #: 75.  The expected maximum expiration of the sentence was April 29, 2012.  ECF No. 6-1 at PageID #: 75–76.  Petitioner was released on parole on February 13, 1989.  ECF No. 6-1 at PageID #: 76.

In May 1991, a Cuyahoga County Grand Jury issued an indictment charging Petitioner with (1) one count of kidnapping, and (2) one count attempted rape.  ECF No. 6-1 at PageID #: 76 (CR-268188).  Petitioner pled guilty to one count of attempted rape.  ECF No. 6-1 at PageID #: 76.  The trial court sentenced Petitioner to an indefinite prison term of three to fifteen years.  ECF No. 6-1 at PageID #: 76.

The sentence for CR-268188 ran consecutive to the sentences for CR-173927 and CR-178371 because the new felony was committed while Petitioner was on parole.  ECF No. 6-1 at PageID #: 76.  The total sentence was nine years and six months to forty-five years in prison.  ECF No. 6-1 at PageID #: 76.  The new maximum expiration of Petitioner's sentence is November 19, 2026.  ECF No. 6-1 at PageID #: 76.

Petitioner did not file an appeal from any of the trial court's judgments.  ECF No. 10 at PageID #: 134.

(1:22-CV-02033)

On February 28, 2022, Petitioner filed a petition for a writ habeas corpus in the Supreme Court of Ohio. ECF No. 6-1 at PageID #: 60. In it, Petitioner alleged that:

> (1) His sentences should have run concurrently,
> (2) He should have been released in 2007, and
> (3) The ODRC illegally changed his sentence.

ECF No. 6-1 at PageID #: 62. He then asked the Supreme Court of Ohio to order ODRC to reinstate his sentences to run concurrently as "originally imposed by the trial court" and grant his state habeas petition. ECF No. 6-1 at PageID #: 64. Respondent filed a return of writ. ECF No. 6-1 at PageID #: 74. On July 28, 2022, the Ohio Supreme Court denied the petition for a writ of habeas corpus, finding that Petitioner was not entitled to immediate release, as he had not served his maximum sentence of forty-five years. ECF No. 6-1 at PageID #: 108.

On November 6, 2022,[1] Petitioner filed the instant Petition, (ECF No. 1) in which he raises two grounds:

> Ground One: The court erred when it sentenced Petitioner to concurrent counts on the probation violation and the new Case No. 178371.
>
> Ground Two: Sentences are presumed to run concurrently as a matter of law if the trial court's sentencing is silent as to the topic.

ECF No. 1 at PageID #: 4, 6. The habeas petition was referred to a magistrate judge for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On May 31, 2024, the magistrate judge issued a Report and Recommendation. ECF No. 10. The magistrate judge recommends that the Court deny the habeas petition. ECF No. 10. Specifically, the magistrate judge recommends denial of Grounds One and Two because the

---

[1] Applying the prison mailbox rule, the date of the federal habeas petition is considered to have been filed when it was handed to the prison authorities. See Houston v. Lack, 487 U.S. 266, 270 (1988).

3

(1:22-CV-02033)

Petition is time barred as (1) the statutory one-year period has already passed, (2) equitable tolling does not apply, and (3) the actual innocence exception does not apply. ECF No. 10 at PageID #: 137–43.

Petitioner filed Objections to the Report and Recommendation on July 12, 2024.[2] ECF No. 12. While labeled "Objections," Petitioner lodged only a single challenge to the Report and Recommendation. Petitioner objects to the magistrate judge's recommendation that the Petition be dismissed as time-barred because Petitioner believes that he "is being denied his Right to Due Process and Equal Protection of the Law" and suggests that "the Magistrate Judge may have mistakenly overlooked Mr. Jones['] explanation of material facts supported by the record of law and procedure." ECF No. 12 at PageID #: 147. Respondent did not make a rebuttal to Petitioner's objection.

## II.     Standard of Review

When a petitioner makes an objection to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* Importantly, objections "must be specific in order to trigger the *de novo* review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2) (italics added)). "An 'objection' that does nothing more than state a disagreement

---

[2] Petitioner's objection is timely because the Court granted his motion for an extension of time to file objections. Order [non-document] 07/25/2024.

(1:22-CV-02033)

with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)). "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.* (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)). "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)–(2); *see also Wilson v. Sheldon*, 874 F.3d 470, 474–75 (6th Cir. 2017).

A federal court may review a state prisoner's habeas corpus petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." *Nguyen v. Warden, N. Cent. Corr. Inst.*, No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because state courts are the final authority on state-law issues, the federal habeas corpus court must defer to and is bound by the state court's rulings on such matters. *See Mason v. Nagy*, No. 21-1040, 2021 WL

5

(1:22-CV-02033)

6502177, at *3 (6th Cir. July 27, 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (stating that "[a] violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution").

### III.     Discussion

At the threshold, it is important to acknowledge that Petitioner does not object to the magistrate judge's finding that his petition is time-barred under § 2244(d)(1). A habeas corpus petitioner has a "duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014) (citation omitted). Because Petitioner does not object to the magistrate judge's recommendation regarding the Petition being time-barred, the Court need not conduct a *de novo* review of the Report and Recommendation.

Petitioner's sole objection is that "the Magistrate Judge may have mistakenly overlooked Mr. Jones['] explanation of material facts supported by the record of law and procedure" which deny "his Right to Due Process and Equal Protection of the Law." ECF No. 12 at PageID #: 147. This "a more favorable explanation" of his Petition, is not a specific objection to the Report and Recommendation. ECF No. 12 at PageID #: 147. The proffered explanation only "summarizes what was presented before" and is not an objection which meets the specificity requirement for objections. *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (quoting *Aldrich v. Bock*, 327 F. Supp. 2d at 747). *Potter*, 2020 WL at *1.

6

(1:22-CV-02033)

Accordingly, the Court overrules Petitioner's objection to the Report and Recommendation.

### IV. Conclusion

For the foregoing reasons, the Report and Recommendation (ECF No. 10) is adopted, Petitioner's objection is overruled, and the Petition (ECF No. 1) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


| September 6, 2024 | /s/ Benita Y. Pearson |
| --- | --- |
| Date | Benita Y. Pearson |
|  | United States District Judge |

7