PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JONES, | ) | |
| | ) | CASE NO. 1:22-CV-02033 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEITH FOLEY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | [Resolving ECF No. 15] |

Pending before the Court is *pro se* Petitioner Michael Jones' Motion for Reconsideration. ECF No. 15. For the reasons below, Petitioner's Motion is denied.

### I.  Background

Petitioner filed a petition for habeas relief on November 6, 2022, pursuant to 28 U.S.C. § 2254. The assigned magistrate judge filed a Report and Recommendation finding that the petition was time-barred and recommended that it be denied. ECF No. 10. Petitioner filed timely objections. ECF No. 12. The Court adopted the Report and Recommendation, overruled Petitioner's objections, and denied the petition. ECF Nos. 13 and 14. The Court also found that there was no basis for a certificate of appealability to issue. ECF Nos. 13 and 14.

Now Petitioner moves the Court for reconsideration. ECF No. 15. Petitioner argues that he posed more than a single objection to the Report and Recommendation; that his Petition is not time-barred; and that, because he was sentenced in 1991, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not retroactively apply to him. ECF No. 15 at PageID #: 165 (stating the AEDPA is "not retroactive to Petitioner"). Petitioner also disputes the Court's denial of a certificate of appealability. ECF No. 15 at PageID #: 165.

### II.  Standard

(1:21CV2033)

"Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." *Jefferson v. Sec. Pac. Fin. Servs., Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995). FED. R. CIV. P. 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, when a party files a "motion to reconsider" a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e). *See, e.g.*, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).

A motion to alter or amend judgment may be granted for any of the following three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

### III.  Discussion

Petitioner claims that (1) the misconduct he experienced was so egregious that the statute of limitation does not apply, and (2) AEDPA does not apply him because he was sentenced in 1991 and the AEDPA was enacted in 1996. ECF No. 15 at PageID #: 165.

The time limitations under 28 U.S.C. § 2244 applies to all state habeas petitions filed since the effective date of the AEDPA. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); *Lindh v. Murphy*, 521 U.S. 320, 327 (1997) ("[T]he amendments to chapter 153 were assumed and meant to apply to the general run of habeas cases only when those cases had been filed after the date of the Act."). Petitioner's request for habeas relief was filed in 2022, well after the enactment of AEDPA. Therefore, Petitioner's argument that the AEDPA does not apply to him is incorrect.

(1:21CV2033)

      The remaining arguments raised by Petitioner in his motion are repetitious of previous arguments rather than "(1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to otherwise prevent manifest injustice" as needed to alter or amend judgment. *See GenCorp, Inc.*, 178 F.3d at 834. *See also* Mot. for Recons., ECF No. 15 at PageID #: 165 (titling the brief as "precise objections to the same implemented prior objections by Petitioner") (capitalization altered). In its ruling adopting the Report and Recommendation, the Court stated that the law finds a "proffered explanation [which] only 'summarizes what was presented before'" is not "an objection which meets the specificity requirement for objections." ECF No. 13 at PageID #: 161 (citing *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022)). That remains true. In other words, Petitioner's claims are not only too general to appropriately challenge the Report and Recommendation, they are also without merit.

### IV.    Conclusion

      For the reasons above, Petitioner's Motion for Reconsideration (ECF No. 15) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from its decision could not be taken in good faith.

      The Clerk of Court is directed to issue a copy of this Order by regular mail to Michael Jones, #A242-920, Grafton Correctional Institution, 2500 S. Avon Belden Rd., Grafton, OH 44044.

      IT IS SO ORDERED.

| | |
|---|---|
| April 30, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |